UNITED STATES of America, Plaintiff,

v.

ONE GRAY SAMSONITE SUITCASE, MODEL 200; approximately 41.75 pounds of gold nuggets; one jade bracelet; and 11 pieces of assorted jewelry, Defendants.

Civ. No. 84–CV–4830–DT.

United States District Court,
E.D. Michigan, S.D.

July 7, 1986.

Gary M. Maveal, Asst. U.S. Atty., Detroit, Mich., Joseph I. Liebman, Dept. of Justice, Civ. Div., Commercial Litigation Branch, New York City, for plaintiff.

Jerome A. Moore, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

PHILIP PRATT, Chief Judge.

This is a forfeiture action brought by the United States pursuant to 19 U.S.C. § 1497. Before the court are motions for summary judgment submitted by the plaintiff and the claimants, Marques and Leonard Strother.

The defendant property is a gray Samsonite suitcase containing approximately 41¾ pounds of gold nuggets and assorted jewelry. On December 21, 1981, claimant Marques Strother flew from Frankfurt, West Germany to London, England, thence to New York City.[1] Due to a missed connection, his flight to the United States was on a Pan American flight instead of British Airways, as originally scheduled. He was informed that his luggage would be checked through to his final destination, Detroit, Michigan. Upon his arrival in Detroit on December 22, 1981, he made a lost luggage report to Pan American.

On December 23 or 24, 1981, a representative of Pan American delivered two pieces of luggage to the claimants' home, one piece which was Marques Strother's, and the second which he later identified as not belonging to him. On December 25, 1981, after noticing the substantial weight of the unidentified suitcase and fearing that it might contain a bomb, one of the claimants called the City of Detroit Police Department for assistance. After inspecting the bag and verifying that it did not contain explosives, the officers confiscated the bag and turned it over to United States Customs because of the suspicious nature of the contents.

Marques Strother filed a lost property claim with Pan Am on September 11, 1982, in which he said he had only received one of the pieces of luggage he had checked in during his December, 1981 flight from Europe. On November 2, 1982, Pan Am sent Strother a check for $343.00 as a settlement of this claim.

The defendant suitcase had attached to it a British Airways luggage tag showing that the bag was destined for Detroit on pan Am flight 101.[2] Another baggage stub with the marks "British Airways—Nairobi" was also affixed to the case. An address label on the suitcase contained the following legend: "John Smith, 115 Bleubiun Road, North Nancarro, Middlesex, England." Investigation by both the U.S. and British customs services revealed this address to be fictitious in all respects. There is no evidence that either the suitcase or its contents were declared to customs orally or in writing, as required by 19 U.S.C. §§ 1485 and 1497.

1. The recitation of facts is drawn from affidavits provided by the plaintiff and the claimants.

2. Pan Am flight 101 arrived in Detroit on December 23, 1981, originating in London, England.

Throughout the spring and summer of 1982, counsel for the claimants attempted to gain the return of the property from the government. These attempts being to no avail, the claimants filed an action in the Eastern District of Michigan on November 3, 1982, seeking return of the property on the grounds that the claimants had a "superior possessory interest." An order requiring the Customs Service not to dispose of the property pending the resolution of this claim was entered on November 26, 1982. On September 9, 1983, that action was transferred to the Court of International Trade on the motion of the United States, which argued that the district court had no jurisdiction over the case.[3] A judgment of dismissal was entered as to that action in September of 1985. The forfeiture action at bar was filed on October 19, 1984.

Title 19 U.S.C. § 1497 provides that any article not declared upon entry into the United States which by law must be declared is subject to forfeiture. It is beyond dispute that there is a legal requirement that the defendant property be declared to the Customs Service. 19 U.S.C. § 1485; C.F.R. § 148.11 *et seq.* (1981). It is also undisputed that there is no evidence that such a declaration ever took place thus making the defendant property a proper object of a forfeiture action brought pursuant to Section 1497.

■■■ The burden and order of proof in this action is controlled by 19 U.S.C. § 1615, which provides in part that:

> In all suits or actions ... brought for the forfeiture of any ... baggage seized under the provisions of any law relating to the collection of duties on imports ..., the burden of proof shall be on the defendant [claimant]: *Provided,* that probable cause shall be first shown for the institution of such suit or action, to be judged of by the court....

19 U.S.C. § 1615. Probable cause has been defined as a "reasonable ground for belief of guilt, supported by less than prima facie

proof but more than mere suspicion." *United States v. $83,320 in United States Currency,* 682 F.2d 573, 577 (6th Cir.1982); *U.S. v. $22,287.00 U.S. Currency,* 709 F.2d 442 (6th Cir.1983). Probable cause in forfeiture proceedings is not a term of art, but rather is used in the same manner as the term is applied to test search and seizures. *United States v. One 1975 Mercedes 280S, Etc.,* 590 F.2d 196, 199 (6th Cir.1978). Probable cause exists if given the "totality of the circumstances", there is a "fair probability" that evidence of criminal misconduct will be discovered. *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). Thus the court must as a matter of law, determine whether the plaintiff had probable cause to believe that the defendant property had been imported into the United States in violation of the customs laws.

The following facts are undisputed:

—The baggage tags on the suitcase indicating a foreign country of origin.

—The untraceable name and fictitious address which appear on the suitcase, also indicating a foreign country of origin.

—The failure of anyone but the claimants in this action to come forward and claim this property.

—The admission by the claimants that they do not own this property and had never seen it prior to December of 1981 when it arrived at their home in Detroit via Pan Am.

—The absence of any documentation or any other evidence showing the defendant property was ever declared in accordance with the law.

The claimants contest that none of the plaintiff's affiants have personal knowledge that the defendant property is of overseas origin. They argue that the government's case is based upon inadmissible hearsay, and ask this court to take judicial notice that Pan Am flies domestic routes, thus creating the possibility that

---

**3.** This motion was consistent with the government's answer in the first instance, which stated as an affirmative defense that the district court had no jurisdiction over the matter.

this property had a domestic origin. This position fails in several respects. First, as a matter of statutory law, the plaintiff has made out a prima facie case of the foreign origin of the suitcase. "Marks, labels, brands, or stamps, indicative of foreign origin, upon or accompanying merchandise ..., shall be prima facie evidence of the foreign origin of such merchandise." 19 U.S.C. § 1615(2). Secondly, the question of probable cause in forfeiture proceedings depends upon the legal sufficiency of the evidence, not its admissibility. *U.S. v. One 56–Foot Yacht Named Tahuna*, 702 F.2d 1276, 1283 (9th Cir.1983).[4] Circumstantial evidence and inferences therefrom are acceptable grounds for a finding of probable cause in forfeiture proceedings. *U.S. v. Brock*, 747 F.2d 761 (D.C.Cir.1984).

Viewing the "totality of the circumstances" of this case, these facts warrant the belief by a reasonable person that the defendant property entered the United States from a place of foreign origin, and that it was not declared to Customs in violation of current and applicable law. The burden now shifts to the claimants to rebut this presumption created by the government. Though the general rule is that a motion for summary judgment cannot be granted where there exist disputes as to material issues of fact, where the claimant offers no proofs and merely disputes the government's ability to make the requisite showing of probable cause, summary judgment is appropriate. *U.S. v. One 56–Foot Yacht Named Tahuna*, 702 F.2d 1276 (9th Cir. 1983); *United States v. $22,287.00 In U.S. Currency*, 520 F.Supp. 675 (E.D.Mich. 1981), *aff'd.* 709 F.2d 442 (6th Cir.1983); *United States v. One 1975 Mercedes 280S, Etc.*, 590 F.2d 196 (6th Cir.1978). The claimants in this case have not offered any proofs other than to contest the issue of probable cause. However, the claimants face an even greater obstacle than a failure to produce evidence: that of standing.

A party seeking to challenge the government's forfeiture of property must first demonstrate an interest in the seized property sufficient to satisfy the court of its standing to contest the forfeiture." *United States v. Five Hundred Thousand Dollars*, 730 F.2d 1437 (11th Cir.1984); *U.S. v. Four Million, Two Hundred Fifty-five Thous.*, 762 F.2d 895 (11th Cir.1985), *cert. denied* —— U.S. ——, 106 S.Ct. 795, 88 L.Ed.2d 772 (1986); *United States v. $364,-960.00 In U.S. Currency*, 661 F.2d 319 (5th Cir., Unit B 1981). The burden of establishing standing is on the claimant. While some courts have held that a claimant must demonstrate an ownership interest in the item, *United States v. One 1945 Douglas C–54, etc.*, 647 F.2d 864 (8th Cir.1981), *cert. denied*, 454 U.S. 1143, 102 S.Ct. 1002, 71 L.Ed.2d 294 (1982), other courts have held that a lesser property interest, such as some forms of possessory interest, may be sufficient to create standing. *United States v. 1982 Sanger 24' Spectra Boat*, 738 F.2d 1043 (9th Cir.1984). However, putative claimants may not rest upon conclusory allegations of an "interest" in the property, and the facts showing standing must be clearly apparent in the pleadings. *Baker v. United States*, 722 F.2d 517 (9th Cir.1983); *U.S. v. $15,5000.00 U.S. Currency*, 558 F.2d 1359 (9th Cir.1977).

The claimants have not set forth any facts sufficient to give them standing to challenge this forfeiture action. They state in a conclusory manner that they have a "superior possessory interest," without defining what this might be, or offering any legal or factual support for their allegation. Reviewing the facts, the claimants admit they have no ownership interest in the defendant property, and further state that they did not recognize either the suitcase or its contents when it was delivered to their home. The immediate reaction of one of the claimants upon re-

---

**4.** Even though this is a motion for summary judgment and Fed.R.Civ.P. 56(e) requires the use of admissible evidence, it has been held that where the sole issue is whether the government has established probable cause to seek forfeiture, the rules which govern probable cause determinations and allow hearsay, *see, e.g., Franks v. Delaware*, 438 U.S. 154, 165, 98 S.Ct. 2674, 2681, 57 L.Ed.2d 667 (1978), should govern. *Tahuna*, 702 F.2d at 1283.

ceipt of the suitcase was to call in the Detroit Police to verify that the case was not dangerous. While the claimants assert that they did not consent to the removal of the property by the police within forty-eight hours of its receipt, they admit that they offered no resistance to its removal as well. These facts, combined with the conclusory nature of the claimants allegations, lead this court to conclude that they have not alleged a sufficient interest in the defendant property to challenge this forfeiture action.

■ The claimants also have not complied with the procedural requirements essential to maintain standing in a forfeiture case. Procedure in forfeiture actions brought by the United States is initially controlled by the Supplemental Rules of Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure, 28 U.S.C. They require that the complaint describe with reasonable particularity the property at issue, Rule C(2), and that court must publish notice of the action in a newspaper of general circulation in the district. Rule C(4). Rule C(6) states that claimants who intend to contest the forfeiture proceeding must:

> [F]ile [their] claim within 10 days after process has been executed, or within such additional time as may be allowed by the court, and shall serve [their] answer within 20 days after the filing of the claim. The claim shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the [claimant demand] its restitution and the right to defend the action.

In this case, the court published notice of the complaint in accordance with Rule C(4) on December 6, 1984. In that notice, potential claimants were directed to file the claim required by Rule C(6) on or before December 18, 1984, with the answer to be filed within twenty days of the filing of the claim. The claimants have never filed a claim in accordance with Rule C(6). The law is clear that the filing of such a claim is an essential element of standing to con-

test a forfeiture. *U.S. v. One 1979 Oldsmobile-Cutlass Supreme,* 589 F.Supp. 477 (N.D.Ga.1984); *U.S. v. Fourteen (14) Handguns,* 524 F.Supp. 395 (S.D.Tex.1981); *United States v. United States Currency,* 754 F.2d 208 (7th Cir.1985). Thus the claimants have not complied with either the traditional or procedural prerequisites to establish their standing to challenge this forfeiture proceeding.

In sum, the plaintiff has established that there was probable cause to institute this forfeiture proceeding, this showing is unrebutted by any evidence to the contrary, and no claimant with standing has stepped forward to challenge the plaintiff's position. Accordingly, the plaintiff's motion for summary judgment is GRANTED, and IT IS ORDERED that the defendant property described as One Gray Samsonite Suitcase, Model 200; Approximately 41.75 Pounds of Gold Nuggets; One Jade Bracelet; and 11 Pieces of Assorted Jewelry, already in the custody of the United States Customs Service, be forfeited to the United States of America.

IT IS SO ORDERED.