**UNITED STATES of America, Plaintiff,**

v.

**ONE 1988 HONDA ACCORD VIN 1HGCA6188JA002917, Defendant.**

No. 88–CV–74383–DT.

United States District Court,
E.D. Michigan, S.D.

April 5, 1990.

John R. Roth, Asst. U.S. Atty., Detroit, Mich., for plaintiff.

Stanley T. Dobry, Warren, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

This is a civil *in rem* proceeding in which plaintiff seeks forfeiture of defendant automobile that was used to facilitate the attempted sale and distribution of illegal narcotics. Previously, on July 7, 1989, this Court found probable cause to believe defendant automobile was used to facilitate

*liam, inter alia,* provides little instructional val-   ue to this Court in the instant dispute.

the attempted sale and distribution of illegal narcotics.[1] Presently before the Court are two issues: 1) whether claimant has standing to contest this forfeiture; and 2) whether claimant is an innocent owner and had no knowledge of the use of the car with respect to the illegal narcotics transaction.

On March 12, 1990, a bench trial was held and the Court heard evidence concerning claimant's allegation of innocent ownership. In addition, the Court heard evidence with respect to the government's assertion that claimant lacked standing. For the reasons explained below, the Court will order defendant vehicle forfeited to the United States on two alternative grounds. First, it is the opinion of the Court that claimant lacks standing to contest the forfeiture of this defendant vehicle. In the alternative, even assuming claimant has standing to contest this forfeiture, she did not prove by a preponderance of evidence that she is an innocent owner.

## I. BACKGROUND

The events that led up to the seizure of defendant automobile are as follows: On June 22, 1988, Drug Enforcement Administration (DEA) Special Agent Salvadore Rodriguez, acting in an undercover role, with the assistance of a confidential informant, negotiated by telephone with Alan Sumling for the purchase of a half kilogram of cocaine for $15,500. Agent Rodriguez and Sumling agreed to meet to exchange the money for the drugs at the corner of Wyoming and Grand River in the city of Detroit, Michigan. Sumling drove up in the defendant automobile, a 1988 maroon Honda coupe, Michigan license plate number 030–WGA.

At the meeting, Sumling, Rodriguez and the confidential informant determined the exact price and decided the manner by which the drugs were to be exchanged for the money. The confidential informant and Sumling, driving the Honda, drove off to pick up the cocaine. DEA surveillance indicated that Sumling and the confidential informant drove to a house on Robson street in Detroit and entered the house. About a minute later, Sumling and an unidentified black male left the house, drove to a store on Schoolcraft and Greenfield, and returned to the Robson address. After Sumling came back to the Robson address, he gave the cocaine to the confidential informant, who had been waiting in the house during that time. Sumling told the informant that he would follow to pick up the money from Rodriguez. The confidential informant left with the cocaine and delivered it to the undercover agent. Sumling followed to pick up the money, but fearing that Rodriguez was a government agent, did not stop to receive his $15,500.

After Sumling was arrested, he told the interviewing agents that he made his money by hustling drugs on the street. He said he was selling about 3 or 4 kilograms of pure cocaine each week, for about $30,-000 per kilo. He stated that he owned defendant vehicle that he drove to the buy. He stated that he purchased defendant vehicle with cash over a period of two months, with part of the money coming from an unknown relative and the other money coming from proceeds of his drug sales.

Wanda Long filed a claim and alleges she is title holder and that she neither knew that the auto was being used in drug trafficking, nor did she authorize such use. Long claims that she purchased the Honda in March of 1988, by paying over $14,000 in cash for the car.

---

1. The July 7, 1989 Memorandum Opinion and Order was rendered after the Court considered plaintiff's motion for summary judgment. Claimant, Wanda Long, failed to respond to plaintiff's motion. The Court, after concluding plaintiff had shown sufficient probable cause, granted its motion and ordered defendant automobile forfeited to the United States. Subsequently, however, claimant filed a motion for reconsideration, contending she had not been served with a copy of plaintiff's motion for summary judgment and, therefore, could not respond. In considering claimant's motion for reconsideration, the Court vacated its prior judgment. While the Court upheld the previous opinion which found probable cause, it vacated the Order of Forfeiture based on questions of fact regarding claimant's allegation of innocent owner.

## II. OPINION

### A. *Standing*

■ The first issue that the Court will address is that of standing. To contest a forfeiture action, an individual claiming to be the owner of the defendant property, must first demonstrate an interest in the seized property sufficient to satisfy the Court of his or her standing as claimant. *United States v. $280,505*, 655 F.Supp. 1487, 1495 (S.D.Fla.1986); *United States v. One 1945 Douglas C-54 (D.C.-4) Aircraft*, 647 F.2d 864 (8th Cir.1981); *United States v. $38,000 in U.S. Currency*, 816 F.2d 1538, 1543 (11th Cir.1987). The burden of establishing standing is on the claimant. *United States v. One Gray Samsonite Suitcase, Model 200*, 637 F.Supp. 1162, 1165 (E.D.Mich.1986).

■ The possession of bare legal title to the res may be insufficient to establish standing where the title holder is only a nominal owner. *United States v. $280,505*, 655 F.Supp. at 1495; *United States v. One 1981 Datsun*, 563 F.Supp. 470 (E.D.Pa. 1983) (claimant did not establish standing, despite the fact of showing title, because he did not pay for it and had not exercised dominion and control over it). In determining ownership, courts generally look to indicia of dominion and control, such as possession, title and financial stake. *One 1945 Douglas C-54, supra*, 647 F.2d at 866; *One 1981 Datsun*, 563 F.Supp. at 474.

■ At the March 12, 1990 bench trial, three witnesses appeared and testified on behalf of claimant. The witnesses included Leadell Gray, Tyrone Jones and claimant, Wanda Long. The Court had the opportunity and did weigh the credibility and believability of the witnesses. In doing so, and giving weight to their testimony, this Court took into consideration the witness' ability to have observed the facts to which he or she testified. This Court took into

consideration the witness' memory, manner and any interest, bias or prejudice the witness may have had. The Court also considered the reasonableness of their testimony, considered in the light of all the other testimony in this case.

Claimant's testimony was not only incredible and not worthy of belief, but it also revealed that she is not the true owner of defendant vehicle. Her testimony was inconsistent with her prior deposition testimony and inconsistent with evidence presented by the government. For example, claimant stated in her deposition on February 17, 1989, that she purchased defendant automobile with $14,000 in cash. (Deposition of Wanda Long, February 17, 1989 at 11–12). She stated that she initially paid six or seven thousand dollars and then paid the balance when she picked up the automobile on March 14, 1988. The records of Ferndale Honda, however, introduced at trial by the government, reflect that Alan Sumling made a down payment of $1,600 for the defendant automobile in three installments on February 22 and 23, 1988 and March 1, 1988 (Exhibit 15). The records also indicate that on March 15, 1988, the car was delivered and a payment of $13,300 was made with a check for $4,000 and cash in the amount of $9,300.

Claimant's credibility was further diminished with the introduction of other conflicting deposition testimony. For example, at a deposition on August 21, 1989, claimant testified that she had not worked since March of 1988, when she worked for a Sally Pogue as a housekeeper (Government's Exhibit 12).[2] At the earlier February 17, 1989 deposition, however, claimant testified she did hair two or three times a week and made approximately $70.00–$80.00 per week. (Deposition of Wanda Long, February 17, 1989 at 5–6). Taking into account the above inconsistencies,

**2.** In August 21, 1989, claimant was desposed by an attorney who represented AAA of Michigan. Claimant had filed claims against her AAA automobile insurance policy and the deposition was conducted in connection with said claims. In particular, claimant had filed a claim for wage loss due to inability to work as a result of a

March 10, 1988 automobile accident. Claimant testified in her deposition that prior to the March 10, 1988 automobile accident, she had worked for Sally Pogue for approximately two years, collecting approximately $125.00 per week.

claimant's testimony that she is the true owner of the car is not worthy of belief.

In addition, other evidence indicated that claimant is simply a straw person and not the true owner of the car. For example, at the February 17, 1989 deposition, claimant testified that defendant automobile was taken into the dealership for an oil change. At trial, however, claimant testified that not only was the car taken in for an oil change, but it also had the clutch replaced on a different occasion. It is clear that claimant was not aware of the clutch repair at her deposition, thus further undermining her argument that she exercised dominion over defendant vehicle. In addition, the two work orders from Ferndale Honda introduced at trial as exhibits 16 and 17, indicate that the person who signed for the repairs, while using Wanda Long's signature, was not, in fact, Wanda Long. This is evident from comparing Wanda Long's signature on checks she had written (Claimant's Exhibit 13) and the signature on the work orders.

On inquiry of the Court, claimant stated that the car had a 4–speed manual transmission. The sticker (Claimant's Exhibit 2) indicates that the car actually has a 5–speed manual transmission. At the February 17, 1989 deposition, claimant testified as to the mileage on the automobile at the time of seizure. The mileage figure given by claimant at her deposition was 5,000 miles less than the actual mileage. Claimant testified that she kept all important documents in a silver box at home. When questioned about receipts for the $2,300 stereo system in the car, claimant was unable to come up with a valid reason for not maintaining those records. Claimant also testified that she installed mag wheels and tires and ground effects for approximately $1,300. Claimant was unable to produce any receipts for these additions. Finally, the Automobile Retail Delivery Registration (Exhibit 15A) for defendant clearly reveals that the name "Sumling" was initially inserted as the owner's last name, but was crossed out and "Long" was inserted instead. This is further evidence that claimant is not the true owner of defendant vehicle.

The testimony of Leadell Gray and Tyrone Jones added little to claimant's assertion that she is the true owner of defendant vehicle. Both witnesses were boarders of claimant, each paying her approximately $200.00 per month in rent. Each testified that he had driven defendant vehicle on various occasions and that he had seen the vehicle parked in the driveway or in the garage of claimant's residence. Neither witness offered persuasive testimony that claimant was the true owner of defendant. In fact, Tyrone Jones had only been renting from claimant for two or three weeks before defendant vehicle was seized. He obviously had very limited knowledge of the use of the vehicle prior to its seizure.

It is clear from the evidence that claimant is not, in fact, the true owner of the car. While she did insure the car and had the title in her name, the evidence indicates that she is merely a nominal title holder. Therefore, claimant does not have standing to contest this forfeiture action.

### B. Innocent Owner

■ Pursuant to 21 U.S.C. § 881(a)(4)(C) "no conveyance shall be forfeited under this paragraph to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed ... without the knowledge, consent, or willful blindness of the owner." The government argues that claimant was willfully blind to the use of defendant and, therefore, cannot claim to be an innocent owner. It is claimant's burden to prove by a preponderance of evidence that she is an innocent owner.

■ Even if claimant had met her burden of establishing standing, she has failed to prove by a preponderance of the evidence that she is an innocent owner. Claimant relied on her own testimony and the testimony of Leadell Gray and Tyrone Jones to prove her defense of innocent owner. As already indicated, plaintiff's testimony was incredible and not worthy of belief. The Court finds implausible claimant's assertion that she was not aware of the use of defendant vehicle. Further-

**730**

more, the Court finds claimant to have been willfully blind with respect to the illegal use of defendant. Although the Court could not find any published decision that discussed the meaning of "willful blindness" in the context of a civil *in rem* forfeiture, it has been used in the criminal context. In *United States v. St. Michael's Credit Union*, 880 F.2d 579 (1st Cir.1989), the court defined willful blindness as a conscious course of deliberate ignorance that is meant to be imposed when a defendant refuses to take "basic investigatory steps." *Id.* at 584–85.

In the case at bar, claimant testified that she loaned the car to as many as ten different people. Alan Sumling used the car two to three times per week. In sum, having heard claimant's testimony, the Court finds that claimant followed a conscious course of deliberate ignorance. Claimant obviously failed to take basic investigatory steps to determine the manner in which defendant vehicle was used. Accordingly, the Court concludes that claimant has failed to prove she is an innocent owner.

For the foregoing reasons, IT IS HEREBY ORDERED that defendant vehicle, 1988 Honda Accord, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(4). Plaintiff shall submit, within five (5) days of this Order, a judgment consistent with this Opinion.