977 F.2d 584
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE PARCEL PROPERTY LOCATED AT 3504 AND 3506 OLD HYDES FERRY
PIKE, NASHVILLE, DAVIDSON COUNTY, TENNESSEE, With
All Appurtenances and Improvements
Thereon, Defendant,
Zona K. Allen, Claimant-Appellee,
Edward O'Neal Poole, Claimant-Appellant,
Merrilee Gladys Poole, Claimant.
 
 No. 92-5248.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1992.
 Before RYAN and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Edward O'Neal Poole, a federal prisoner, appeals pro se from a decree of forfeiture of certain real property pursuant to 18 U.S.C. § 1955(d). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The United States filed a complaint of forfeiture against certain real property in Nashville, Tennessee, which it alleged had been used to conduct a gambling enterprise in violation of 18 U.S.C. § 1955. Service was effected on the title holder, Merrilee Gladys Poole, wife of the appellant, and Zona K. Allen, the mortgagee. Ms. Allen timely filed a claim. Mr. and Mrs. Poole filed a response to the complaint two months after service, alleging that probable cause to forfeit the property was lacking. The United States moved to strike the response on the grounds that it was procedurally defective and that there was probable cause to support the forfeiture. The Pooles moved for and were granted an extension of time to respond to the motion to strike, but failed to do so. The district court noted that no objection to the motion to strike had been filed, and struck the response. The United States and the mortgagee subsequently filed a joint motion to enter the decree of forfeiture, which was granted. Edward O'Neal Poole then filed this appeal.
 
 
 3
 The United States argues that appellant lacks standing to contest the decree of forfeiture, because he was no longer a party at the time it was entered. However, an appeal from a final judgment brings up for review all prior orders in the case. See United States v. 228 Acres of Land and Dwelling Located on Whites Hill Road in Chester, Vt., 916 F.2d 808, 811 (2d Cir.1990), cert. denied, 111 S.Ct. 972 (1991). Accordingly, this appeal is construed as challenging the order granting the motion to strike appellant's response. Poole reasserts his argument of lack of probable cause to support the forfeiture on appeal.
 
 
 4
 Upon consideration, it is concluded that the district court did not abuse its discretion in striking the response for failure to object to the motion to strike. See United States v. Currency $267,961.07, 916 F.2d 1104, 1106 (6th Cir.1990). Poole has not attempted to explain his failure to respond on appeal. Moreover, the response could properly have been stricken as procedurally defective. Even if construed as a claim and answer, it was not timely filed. See United States v. U.S. Currency in the Amount of $2,857, 754 F.2d 208, 211-13 (7th Cir.1985); Rule C(6), Supplemental Rules for Certain Admiralty and Maritime Claims, Fed.R.Civ.P. Finally, the defense raised in the response and on appeal is meritless, as the record supports a finding of probable cause for forfeiture of the property, and a criminal prosecution for the gambling activity was not required. See Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 684 (1974).
 
 
 5
 For all of the above reasons, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.