STATE of Oklahoma, ex rel.
DEPARTMENT OF PUBLIC
SAFETY, Appellant,

v.

1988 CHEVROLET PICKUP VIN NO. 1GCDC14K8JZ323, OK TAG NO. GFX19; Uniden Cellular phone, Model 1250, Serial No. 0018289, Respondent,

Rachel Vincent, Appellee.

No. 78832

Court of Appeals of Oklahoma,
Division No. 3.

Jan. 12, 1993.

Certiorari Denied April 14, 1993.

Lisa K. McLaughlin, Dept. of Public Safety, Oklahoma City, for appellant.

James Craig Dodd, Craig Dodd & Associates, Enid, for appellee.

## OPINION

BAILEY, Presiding Judge:

The State of Oklahoma, ex rel. Department of Public Safety, (Appellant or DPS), seeks review of an order of the Trial Court granting judgment to Rachel Vincent (Appellee or Vincent) in DPS' action seeking forfeiture of an automobile. In this appeal, DPS asserts (1) error of the Trial Court in refusing admission of evidence on the issue of Vincent's interest in the vehicle and her standing to object to forfeiture, (2) Vincent's lack of standing, (3) insufficiency of Vincent's proof of her "innocent owner"

defense, and (4) error of the Trial Court in refusing to stay enforcement of judgment pending appeal.

An Oklahoma Highway Patrol Trooper stopped the subject vehicle then driven by Vincent's son, Travis, after observing unusual behavior of a passenger. The Trooper detected an odor of alcohol and/or marijuana, and subsequently arrested Travis for (among other infractions) operation of a motor vehicle while under the influence of intoxicating substance and possession of marijuana. Travis later entered a plea of guilty to the misdemeanor marijuana charge.

DPS then commenced the instant forfeiture action. Vincent filed her verified answer, asserting her ownership of the vehicle and her ignorance of Travis' use of the vehicle in violation of statute.[1]

At hearing, State attempted to show Vincent's "straw" ownership of the vehicle by

1. At the time of the seizure of the vehicle, Title 63, Oklahoma Statutes, provided in pertinent part:

A. The following shall be subject to forfeiture:

. . . . .

4. All conveyances, including ... vehicles ... which are used to transport ... or in any manner facilitate the transportation of [a controlled dangerous substance] ... or when such property is unlawfully possessed by an occupant thereof, except that:

. . . . .

b. no conveyance shall be forfeited under the provisions of this section by reason of any act or omission established by the owner thereof to have been committed or omitted without the knowledge or consent of the owner, and if the act is committed by any person other than the owner the owner shall establish further that the conveyance was unlawfully in the possession of a person other than the owner in violation of the criminal laws of the United States, or of any state.

63 O.S.Supp.1988 § 2–503.
Title 63 further provided:

A. Any peace officer of this state shall seize the following property:

1. Any property described in paragraph 4 ... of subsection A of section 2–503 of this title....

B. Notice of seizure and intended forfeiture proceeding shall be filed in the office of the clerk of the district court for the county wherein the such property is seized and shall be given to all owners and parties in interest.

C. Notice shall be given by the agency seeking forfeiture according to one of the following methods:

1. Upon each owner or party in interest whose right, title or interest is of record in the Tax Commission....

D. Within sixty (60) days after the mailing or publication of the notice, the owner of the property and any other party in interest or claimant may file a verified answer and claim to the property described in the notice of seizure and of the intended forfeiture proceeding.

. . . . .

F. If a verified answer is filed, the forfeiture proceeding shall be set for hearing.

G. At a hearing in a proceeding against property described in paragraph 4 ... of subsection A ... of Section 2–503 of this title, the requirements set forth in said paragraph or subsection, respectively, shall be satisfied by the state by a preponderance of the evidence.

H. The claimant of any right, title or interest in the property may prove his lien, mortgage or conditional sales contract to be a bona fide or innocent ownership interest and that his right, title or interest was created without any knowledge or reason to believe that the property was being, or was to be, used for the purpose charged.

I. In the event of such proof, the court shall order the property released to the bona fide or innocent owner, lienholder, mortgagee or vendor, ..., it being the intention of this section to forfeit only the right, title or interest of the purchaser.

63 O.S.Supp.1988 § 2–506.

(1) reference to the vehicle title, with Vincent shown as the record owner on the front, but showing a transfer from Vincent as "seller" and Travis as "buyer," and (2) Vincent's purchase of three other vehicles on the same date as the purchase date of the subject vehicle, the vehicles allegedly given outright to Vincent's four children, one of which to Travis. However, the Trial Court refused admission of evidence of the other purchases and disposition thereof as irrelevant to Vincent's claim of innocent ownership of the subject vehicle. State nonetheless elicited other testimony (and by offer of proof) tending to support a conclusion of outright gift of the automobiles to Vincent's children, and hence, Vincent's lack of dominion, control and ownership.[2]

In defense, Vincent produced evidence of her record ownership of the vehicle, as well as Vincent's purchase of insurance covering the vehicle showing Vincent as owner and insured. Vincent testified to purchase of four vehicles for use by Vincent's children, both personally and in the course of Vincent's cattle operation, with proceeds of settlement of a personal injury claim by Vincent's husband. Vincent further testified that she had no knowledge or reason to know of Travis' illegal use of the vehicle.[3]

Based on the evidence, the Trial Court found Vincent an innocent owner, and directed release of the vehicle to her "forthwith." The Trial Court thereafter denied DPS' oral motion to stay return of the vehicle pending appeal.

■■■ In its first proposition, DPS urges error of the Trial Court in excluding evidence in support of DPS' allegation of Vincent's "straw" ownership of the vehicle. However, we find no error as alleged. First, State adduced and the Trial Court heard unobjected-to testimony showing Vincent's purchase of four vehicles on the same date and the personal use of those vehicles by Vincent's children, thus arguably supporting DPS' theory of Vincent's lack of interest in the subject vehicle, and hence lack of standing to contest forfeiture; in that regard, and having reviewed DPS' offer of proof, we view the excluded evidence as cumulative to that introduced.[4] Second, the relevance and admission of evidence are matters addressed to the sound discretion of the Court whose rulings thereon will not be disturbed absent a showing of abuse of discretion, of which we find none in the instant case.[5] We therefore reject this proposition.

■■■ In its second proposition, DPS asserts Vincent's lack of standing to contest forfeiture, Vincent having "sold" the vehicle to Travis as shown by the vehicle title, and Vincent therefore having no cognizable ownership or other interest in the vehicle.[6] "The proper inquiry concerning standing is whether the [claimant] has in fact suffered

---

2. Notably, Vincent testified that she and her husband lived in Eufaula, while Travis lived in Lahoma where he kept the vehicle. State, on offer of proof, also alleged available testimony demonstrating a gift of one of the vehicles "owned" by Vincent to a child living in California.

3. In fact, Vincent testified to prohibiting Travis' use of the vehicle for transporting alcoholic beverages or while under the influence of intoxicating substances.

4. *See, e.g.,* 12 O.S.1991 § 2403; *Madill Bank & Trust Co. v. Herrmann,* 738 P.2d 567 (Okl.App. 1987) (otherwise relevant evidence may be excluded if probative value outweighed by needless presentation of cumulative evidence.)

5. *See, e.g.,* 12 O.S.1991 §§ 2402, 2403; *Whiteley v. OKC Corp.,* 719 F.2d 1051 (10th Cir.1983); *Cooper v. State,* 671 P.2d 1168 (Okl.Cr.1983); *Samara v. State,* 398 P.2d 89 (Okl.1964), cert.

den. and appeal dismissed, 381 U.S. 354, 85 S.Ct. 1556, 14 L.Ed.2d 681 (1965).

6. Standing as threshold issue to contest forfeiture: *United States v. One 1977 36 Foot Cigarette Ocean Racer,* 624 F.Supp. 290 (S.D.Fla.1985). *See also, United States v. One 1988 Honda Accord,* 735 F.Supp. 726 (E.D.Mich.1990); *United States v. One 1976 Cessna Model 210 L Aircraft,* 890 F.2d 77 (8th Cir.1989).

Ownership and standing: *United States v. One 1981 Datsun 280ZX,* 563 F.Supp. 470 (E.D.Pa. 1983) (ownership evidenced by, *inter alia,* "indicia of dominion and control, such as possession, title and financial stake"; although father held title, father rarely drove vehicle and son had keys, therefore son exercised dominion/control over vehicle); *United States v. One 1971 Porsche Coupe,* 364 F.Supp. 745 (E.D.Pa.1973) (father, although retaining title, held to have given vehicle to son, son having possession of and exercising dominion/control over vehicle).

injury to a legally protected interest as contemplated by statutory or constitutional provisions." [7]   Under the relevant statute, Vincent must therefore demonstrate her status as a holder of a "bona fide" "right, title or interest in the property" of which State seeks forfeiture.[8]

We have previously recounted Vincent's testimony arguably supporting her claim of a legally cognizable interest in the subject vehicle.[9]   We have also recognized DPS' evidence arguably supporting DPS' theory of Vincent's "straw" ownership of the vehicle.  Under these circumstances, we cannot say, as a matter of law, that Vincent does not have the requisite ownership or other interest in the vehicle to contest the instant forfeiture.  We therefore find sufficient evidence in the record to support the Trial Court's implicit conclusion of Vincent's interest in the vehicle and hence, Vincent's standing.  We therefore reject this allegation of error.

■ In its third proposition, DPS asserts Vincent did not demonstrate the statutory elements of the "innocent owner" defense.  According to DPS, Oklahoma law recognizes the "innocent owner" defense *only* where the claimant shows *both* (1) an "act or omission established by the owner thereof to have been committed or omitted without the knowledge or consent of the owner," *and* (2) that the conveyance of which forfeiture is sought "was unlawfully in the possession of a person other than the owner in violation of the criminal laws of the United States, or of any state." [10]   Thus, says DPS, because Vincent admitted Travis' "lawful" possession of the vehicle, Vincent may not take advantage of the statutory "innocent owner" defense.

We recently held the "innocent owner" defense available in a case factually indistinguishable from the present controversy, recognizing substantial equal protection concerns of "innocent owners" of conveyances in use by permissive occupants at the time of commission of illegal acts for which forfeiture would otherwise lie.[11]   In that regard, and under the facts and circumstances of this particular case, we hold Vincent's testimony of no knowledge or reason to know of Travis' use of the vehicle while under the influence of alcohol (a criminal offense under statute for which the Trooper arrested Travis [12]), combined with Vincent's testimony of no consent for Travis' use of the vehicle under such circumstance, sufficiently establishes Travis' "unlawful possession" of the vehicle.[13]   We therefore further hold the Trial Court's judgment for Vincent on her "innocent owner" defense unaffected by legal or factual error, and reject this proposition.

---

Possession of title: *United States v. One 1977 36 Foot Cigarette Ocean Racer,* 624 F.Supp. at 294 (bare possession of title alone may be insufficient); accord, *United States v. One 1988 Honda Accord,* 735 F.Supp. at 728 (claimant, although holding title and insuring the vehicle, found incredible and inconsistent on issue of ownership; held, having no ownership interest, claimant had no standing to contest forfeiture); *United States v. One 1982 Porsche 928,* 732 F.Supp. 447 (S.D.N.Y.1990) ("straw" ownership, i.e., claim of ownership nothing more than front for another, insufficient to bestow standing; *United States v. 1945 Douglas C–54,* 604 F.2d 27 (8th Cir.1979).

**7.** *Independent School Dist. No. 9 v. Glass,* 639 P.2d 1233, 1237 (Okl.1982).  *See also, e.g., Matter of Estate of Doan,* 727 P.2d 574 (Okl.1986); *Matter of Adoption of Baby Boy D.,* 742 P.2d 1059 (Okl.1985), cert. den., *Harjo v. Duello,* 484 U.S. 1072, 108 S.Ct. 1042, 98 L.Ed.2d 1005 (1988); *State ex rel. Cartwright v. Oklahoma Tax Commission,* 653 P.2d 1230 (Okl.1982).

**8.**   63 O.S. § 2–506(H).

**9.**   We here note that although the reverse side of the title in fact shows Travis as buyer and Vincent as seller of the vehicle, Vincent's name appears, not only as seller, but also as "lienholder."   This being the case, Vincent's claim of interest, either as an owner or a lienholder, appears supported by the evidence.

**10.**   63 O.S. § 2–503(A)(4)(b).

**11.**   *State ex rel. Moss v. 1980 Chevrolet Monte Carlo,* 831 P.2d 654 (Okl.App.1992).

**12.**   47 O.S.1991 § 11–901.  *See also,* 63 O.S.1991 2–402(B)(2) (possession of marijuana punishable as misdemeanor).

**13.**   That is to say, because operation of a motor vehicle while under the influence of intoxicating substances and possession of marijuana both constitute crimes under Oklahoma statute, Travis may be said to have been in "unlawful" possession of the vehicle at the time of seizure thereof.  *See,* 47 O.S. § 11–901; 63 O.S. § 2–402(B)(2).

In its last proposition, DPS urges absolute legal error of the Trial Court in refusing DPS' oral motion to stay execution of judgment (i.e., release of the vehicle to Vincent "forthwith") pending DPS' appeal to DPS' alleged prejudice and causing "wrongful loss of the res" subject to forfeiture.[14] While we acknowledge the mandatory stay provisions of the cited statute and the likely error of the Trial Court in refusing to heed that imperative,[15] we discern, and DPS suggests, no *appropriate* appellate remedy for the error. Stated otherwise, having previously held the Trial Court's judgment for Vincent unaffected by vitiating legal or factual infirmity, thereby affirming the Trial Court's adjudication of Vincent's superior claim to the vehicle, we view reversal of the judgment for failure to enforce the automatic stay of execution thereon as an essentially futile and pointless act with no rational appellate purpose other than to needlessly compound the apparent error committed and to unnecessarily increase the costs of litigation to Vincent and the State taxpayers. Further, DPS points to no demonstrable prejudice arising from the Trial Court's denial of the stay beyond the bald allegation thereof. Thus faced with the precise "fait accompli ... presenting issues [rendered] moot" which the Oklahoma Supreme Court construed the automatic stay provisions as designed to avoid,[16] we decline to disturb the Trial Court's judgment.

The order of the Trial Court granting judgment to Vincent is therefore AFFIRMED.

HANSEN, V.C.J., and HUNTER, J., concur.

---

**14.** Oklahoma statute provides in pertinent part: ... [E]xecution of a judgment or final order of any judicial tribunal against any ... political subdivision of this state is automatically stayed without execution of supersedeas bond until appeal has finally been determined. 12 O.S.1991 § 974.1.

**15.** *General Motors Corporation, Argonaut Division v. Cook,* 528 P.2d 1110, 1114 (Okl.1974)

(writ of prohibition, seeking to prevent enforcement of § 974 mandatory automatic stay of District Court judgment granting petitioners zoning variance, denied as impermissibly altering status quo which automatic stay provision of statute designed to maintain).

**16.** *General Motors Corporation, Argonaut Division v. Cook,* 528 P.2d at 1114.