1998 OK CIV APP 166

**STATE of Oklahoma, ex rel. Richard L. DUGGER, District Attorney, Plaintiff/Appellant,**

v.

**1988 BUICK CENTURY 4 DOOR, VIN# 1G4AH51R7JT440722, Defendant,**

**Raymond Thompson, Defendant/Appellee.**

**No. 90,204.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 16, 1998.

---

Richard L. Dugger, District Attorney, Steven L. Greb, Assistant District Attorney, Mangum, Oklahoma, For Appellant,

Timothy P. Israel, Sayre, Oklahoma, For Appellee.

JOPLIN, Judge.

¶1 Plaintiff/Appellant State of Oklahoma, ex rel. Richard L. Dugger, District Attorney (State), seeks review of the trial court's order denying State's petition in State's action to declare forfeit one 1988 Buick Century 4 Door, VIN# 1G4AH51R7JT440722 (Vehicle). In this proceeding, State asserts error of the trial court in granting possession of the Vehicle to Defendant/Appellee Raymond Thompson (Father), the alleged "equitable owner" of the vehicle, "equitable owners" having neither legal standing to challenge a petition to forfeit, nor a protected interest in property subject to forfeiture as to permit assertion of the "innocent owner" defense to a forfeiture petition. Having reviewed the record, we find State's allegations well-taken, and hold

the order of the trial court should be reversed.

¶2 Law enforcement officers arrested an individual for distribution and/or sale of marijuana and determined the Vehicle, owned and operated by Carl D. Thompson (Son), Father's adopted son and natural grandson, had been used to transport the contraband in the course of the illegal endeavor. State seized the Vehicle, and filed a Petition to order the Vehicle forfeit pursuant to Oklahoma Uniform Controlled Dangerous Substances Act, 63 O.S. § 2–503(A)(4), declaring "[a]ll conveyances, including ... vehicles ... which are used to transport ... for the purpose of distribution ..., or which are used in any manner to facilitate the transportation ... for the purpose of sale ... of [a controlled dangerous substance as defined by statute] or when [a controlled dangerous substance as defined by statute] is unlawfully possessed by an occupant thereof" subject to forfeiture.

¶3 State notified Son of the action as required by statute. Father thereafter filed a "Claim" to the Vehicle, asserting his status as (1) "equitable owner" of the vehicle, and (2) "innocent owner" of the vehicle, i.e., that Son's "act or omission [in transporting contraband in the Vehicle was] committed or omitted without [Father's] knowledge or consent of [Father], and ... that the [Vehicle] was unlawfully in the possession of a person other than [Father] in violation of the criminal laws of the United States, or of [this] state," as to render forfeiture impermissible under 63 O.S. § 2–503(A)(4)(b).

¶4 At hearing, State objected to Father's standing to contest forfeiture, arguing that the statutory "innocent owner" defense protected only holders of a legal interest of record in the property subject to forfeiture, and did not extend protection to holders of asserted equitable interests not of record, but the trial court denied State's challenge to Father's standing. Father thereafter testified that he purchased the Vehicle with his money for Son's use, that he obtained the bill of sale for the Vehicle in Son's name, that he had title to the Vehicle issued in Son's name, and that he obtained insurance on the Vehi-

cle in Son's name. Father admitted, however, that none of the documents reflected any legal or other claim to the Vehicle by him. Father nevertheless testified that if the trial court returned the Vehicle to him, he would sell the Vehicle.

¶ 5 On consideration of the evidence, the trial court granted possession of the Vehicle to Father, holding by "Memorandum Decision" in pertinent part:

> In a virtually identical case [*State of Oklahoma, ex rel. Department of Public Safety v. 1988 Chevrolet Pickup VIN No. 1GCDC14K8JZ323, OK Tag No. GFX19*, 1993 OK CIV APP 6], 852 P.2d 786, the court of appeals held that ample evidence existed to justify a Judge's decision to return a vehicle to the parent that purchased it. Like the present case, the vehicle was purchased by a parental figure who had the vehicle titled in the son's [Son's] name. "I am aware that in this case the [V]ehicle was actually purchased by [Father] a Grandparent."

> But since the cases are identical, and since the evidence justified the purchaser having the vehicle returned in [*State of Oklahoma, ex rel. Department of Public Safety v. 1988 Chevrolet Pickup VIN No. 1GCDC14K8JZ323, OK Tag No. GFX19]*, then I order the same in this case. Order that his Buick [Vehicle] be returned to Intervener, being [Father].

State now appeals as aforesaid.

¶ 6 We first find *State of Oklahoma, ex rel. Department of Public Safety v. 1988 Chevrolet Pickup VIN No. 1GCDC14K8JZ323, OK Tag No. GFX19* of some value in its analysis, but clearly distinguishable on its facts and not controlling in the present case. On the standing issue, we held in that case that " '[t]he proper inquiry concerning standing is whether the [claimant] has in fact suffered injury to a legally protected interest as contemplated by statutory or constitutional provisions,' " that is, under 63 O.S. § 2–503(H), one opposing forfeiture "must ... demonstrate her status as a holder of a 'bona fide' 'right, title or interest in the property' of which State seeks forfeiture," and that the *record title owner* of the vehicle had so established herself. *1988 Chevrolet Pickup*, 1993 OK CIV APP 6, ¶¶ 8, 9, 852 P.2d at 788–789. We further there held the testimony of the *record title owner* to her purchase of the vehicle for which State sought forfeiture for her son's use but without knowledge of son's illegal use thereof sufficient to establish the *record title owner* as an "innocent owner" entitled to possession of the vehicle under 63 O.S. § 2–503(A)(4)(b) as against State's forfeiture claim. *1988 Chevrolet Pickup*, 1993 OK CIV APP 6, ¶ 9, 852 P.2d at 789.

¶ 7 In the present case, however, it appears to us, that Father established no "bona fide" "right, title or interest in the property" as contemplated by 63 O.S. § 2–506(H). That is, by all the evidence, Father placed complete dominion and control of the Vehicle with Son, obtaining the bill of sale in Son's name, placing *record title ownership* of the Vehicle in Son's name, and insuring the vehicle in Son's name; in short, Father apparently exercised little, if any, dominion or control over the Vehicle or its use by Son. Cf., *1988 Chevrolet Pickup*, 1993 OK CIV APP 6, ¶ 8, 852 P.2d at 788, fn. 6. Considering the specific recognition in § 2–506(H) and (I) of only certain types of interests within the § 2–503(A)(4)(b) protections afforded "innocent owners" thereof, we are here unwilling to expand those protections to unrecorded "equitable" interests, particularly, where as here, all indicia of ownership, i.e., dominion and control, of the Vehicle appear unconditionally bestowed on Son.

¶ 8 We therefore hold the trial court erred in granting possession of the Vehicle to Father, not shown to be within the class of an "innocent owner" of a protected interest in the property for which State sought forfeiture. The order of the trial court to that effect is therefore REVERSED.

CARL B. JONES, V.C.J., and BUETTNER, J., concur.