NOT FOR PUBLICATION
File Name: 05a0121n.06
Filed: February 15, 2005

No. 04-1452

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

THIRTY-FIVE FIREARMS,

        Defendants,

CATHERINE LUENEBURG;
JEROME P. LUENEBURG,

        Claimants - Appellants.

_____/

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF MICHIGAN

BEFORE: SUHRHEINRICH, ROGERS, and COOK, Circuit Judges.

**PER CURIAM.** Defendants-Appellants in this civil forfeiture proceeding, Catherine and

Jerome Lueneburg, ("the Lueneburgs"), appeal the decision of the district court to strike their answer

for failure to file a verified statement as required by 18 U.S.C. § 983(a)(4)(A) and Rule C(6) of the

Supplemental Rules for Certain Admiralty and Maritime Claims. For the reasons that follow, we

**AFFIRM** the judgment of the district court.

**I.**

In September of 2002, while investigating an alleged drug ring in the Upper Peninsula of

Michigan, agents from the Bureau of Alcohol, Tobacco, and Firearms, ("ATF"), seized thirty-five

firearms from Catherine and Jerome Lueneburg, and Helen and Robert Magnuson: thirteen at the

Lueneburgs' residence, where there was also a marijuana growing room; two at the Lueneburgs'

"camp," where marijuana was processed; and, the remaining twenty from the Magnusons' residence. Catherine Lueneburg was the registered owner of the fifteen firearms seized from the Lueneburg properties.

Following Jerome Lueneburg's conviction for growing and distributing marijuana, the ATF commenced an administrative forfeiture action as to the thirty-five assorted firearms. On January 14, 2003, Catherine Lueneburg timely filed a seized asset claim as to all thirty-five firearms. On the same day, Jerome Lueneburg timely filed a claim to the fifteen firearms registered to Catherine Lueneburg. The Magnusons agreed to abandon any right to the firearms.

On April 14, 2003, the Government filed a complaint for forfeiture *in rem*. The United States Attorney sent each of the Lueneburgs (1) a letter notifying them of the forfeiture complaint and advising them that if they wished to object to the seizure, they must file a verified claim within thirty (30) days of the date that the property was seized or the date they received notice, and an answer to the complaint within twenty (20) days of filing the verified claim; (2) a copy of the warrant for arrest *in rem*, specifying that they must file a verified claim within 30 days; (3) a copy of the notice of forfeiture action and arrest of property, specifying that they must file a verified claim within 30 days; and, (4) a copy of the complaint for forfeiture in rem. However, the Lueneburgs did not file a verified claim by June 27, 2003—thirty days from the date they received notice letters. They simply answered the civil forfeiture complaint, stating an affirmation of their claims of interest in the firearms.

The Government moved to strike the Lueneburgs' answer for failure to file a verified claim. The motion was granted after the district court requested supplemental briefing on the issue. The Government then petitioned for an entry of default, and shortly thereafter, a default judgment. The

2

district court determined that the Lueneburgs' failure to file a verified claim precluded their right to contest the forfeiture action. On January 30, 2004, the district court entered a judgment of forfeiture by default as to all the firearms. The Lueneburgs appealed.

## II.

This Court reviews a district court's decision to strike a claim in an *in rem* forfeiture action for an abuse of discretion. *United States v. Currency $267,961.07*, 916 F.2d 1104, 1106 (6th Cir. 1990). The district court's denial of a motion to file an untimely verified claim is also reviewed under the abuse of discretion standard. *United States v. 51 Pieces of Real Property*, 17 F.3d 1306, 1318 (10th Cir. 1994).

## III.

The Lueneburgs argue that the district court abused its discretion in striking their answer to the complaint for forfeiture *in rem*. They contend they should have received an extension to file or an opportunity to submit a verified claim because 1) they placed the Government on notice of their claim of interest by way of their claims of ownership submitted to ATF; 2) they timely filed an answer to the forfeiture complaint; and, 3) the Government was not prejudiced by their failure to submit a verified complaint.

The firearms in question were properly subject to forfeiture because they passed through interstate commerce, were purchased and possessed by users and distributors of narcotics, and were used in the business of distributing narcotics. *See* 18 U.S.C. § 924(c) & (d) (2000); 21 U.S.C § 881(a)(11). Therefore, the Supplemental Rules for Certain Admiralty Maritime Claims apply. *See United States v. One Assortment of Eighty-Nine Firearms*, 846 F.2d 24, 26 (6th Cir. 1988). Supplemental Rule C(6) provides in part:

3

(i) a person who asserts an interest in or right against the property that is the subject of the action must file a verified statement identifying the interest or right;

> (A) within 30 days after the earlier of (1) the date of service of the Government's complaint or (2) completed publication of notice under Rule C(4), or
>
> (B) within the time that the court allows.
>
> . . .
>
> (iii) a person who files a statement of interest in or right against the property must serve an answer within 20 days after filing the statement.

Supplemental Rules for Certain Admiralty and Maritime Claims R. C(6), 28 U.S.C.A. (West 2004).

A claimant is held to "strict compliance with the provisions of C(6)." *Eighty-Nine Firearms*, 846 F.2d at 26. A claimant who fails to strictly comply with these requirements lacks the statutory standing to challenge a forfeiture action. *$267,961.07*, 916 F.2d at 1108. When a claimant files an answer but has not timely filed a verified claim, the court may strike the answer. *United States v. $23,000 in United States Currency*, 356 F.3d 157, 163 (1st Cir. 2004). However, the district court has discretion to permit an extension of time or allow late filing of a verified claim. *United States v. 1982 Yukon Delta Houseboat*, 774 F.2d 1432, 1435 (9th Cir. 1985).

We hold that the district court did not abuse its discretion by striking the Lueneburgs' answer for failure to file a verified claim. 18 U.S.C. § 983 clearly requires a verified claim. The Lueneburgs were served three separate documents notifying them of this specific requirement. They were also given specific directions for filing a verified claim.

We do not agree that the Lueneburgs' filing of a claim in the initial administrative forfeiture action is an adequate substitute for a verified claim in their judicial forfeiture action. First, the requirement of filing a verified claim under Rule C(6) is distinct and separate from that of filing an

4

administrative claim with the seizing agency under 18 U.S.C. § 983(a)(2). Rule C(6) does not indicate that the filing of an earlier administrative claim excuses the verified claim requirement. Second, a verified claim differs from an administrative claim in that the claimant swears under oath that he has a claim to the property. Verification forces the claimant to place himself at risk of perjury for a false claim. Therefore, the Government's insistence on a verified claim is not, as the Lueneburgs suggest, form over substance. The district court did not abuse its discretion in striking the Lueneburgs' answer for failure to file a verified claim.

We are also not convinced of any mitigating factors which may have affected the Lueneburgs' ability to strictly comply with Rule C(6). An abuse of discretion occurs when a relevant factor that should have been given appropriate weight is not considered or when the court does not analyze the applicable factors. Here, the district court listed and considered numerous factors before granting the United States' motion to strike the answer, including the time the Lueneburgs became aware of the seizures, whether the government encouraged the delay, the reasons for the delay, whether the Lueneburgs advised the court and the government of their interest in the property before the claim deadline, and whether the government would be prejudiced by the late filing.

The Lueneburgs knew that the Government filed a motion for default judgment. Yet, even after a hearing in the district court on whether the court had discretion to allow a verified claim to be filed after the thirty-day time period set out in Rule C(6), neither of them filed an extension of time to file a verified claim or statement of interest beyond the June 27, 2003 deadline. Further, as the district court pointed out, the government has an interest in seeking resolution of this proceeding, since delays increase both the cost of litigation and the risk of depreciation of the firearms.

5

Therefore, we see no substantial injustice in not allowing the Lueneburgs to perfect their claim. Accordingly, we hold that the district court did not abuse its discretion in failing to grant the Lueneburgs an extension of time within which to complete a verified claim.

## IV.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.