NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0797n.06

No. 08-6524

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Dec 16, 2009**

LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| ONE MEN'S ROLEX PEARL MASTER WATCH, | ) |
| Serial No. K573643, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| JOHN FORD, | ) |
| | ) |
| Claimant Defendant-Appellant. | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

O P I N I O N

BEFORE:    SUHRHEINRICH, McKEAGUE, and KETHLEDGE, Circuit Judges.

**McKeague, Circuit Judge.** In this civil forfeiture action, claimant John Ford ("Ford") seeks reversal of the district court's order denying his Rule 60(b) motion to set aside default judgment, which was entered after Ford's claim was dismissed for failing to comply with the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Because we find that the district court did not abuse its discretion, we **AFFIRM**.

**I.**

Ford does not challenge the facts as laid out by the district court in its order denying his

motion to set aside dismissal and default judgment. We therefore adopt the following version of the

facts from the district court:

> Claimant John Ford was indicted by a federal grand jury on May 25, 2005 for acts of corruption, intimation, and extortion as an elected official pursuant to 18 U.S.C. §§ 666, 1512(b)(3), and 1951. On May 26, 2005, Claimant was arrested. At the time of Claimant's arrest he was wearing a Rolex Masterpiece Watch[1] (the Defendant property in the instant motion), which was seized and entered into evidence at FBI Memphis.
>
> According to Plaintiff the United States of America's Amended Verified Complaint and the attached Amended Verified Affidavit, which was filed on September 4, 2007 pursuant to 18 U.S.C. § 981(a)(1)(c), Defendant Rolex Masterpiece Watch was obtained by Claimant in exchange for Claimant's performance of the same actions for which Claimant was indicted and arrested. An *in rem* warrant of arrest issued for Defendant Rolex Masterpiece Watch on October 7, 2007. In response to these filings, Claimant filed (1) a Claim for Seized Property on November 20, 2007, (2) an Answer to the original Complaint on November 21, 2007, and (3) an answer to the Amended Complaint on January 4, 2008. These documents were all signed by Claimant's counsel but were not signed by Claimant under penalty of perjury.
>
> On April 21, 2008 Plaintiff filed a Motion to Dismiss Claimant's Claim and Answer. Following this filing, on May 12, 2008, Claimant's counsel began trial in the case of *United States v. Edmond Ford*, which concluded on May 21, 2008. Subsequently, on May 29, 2008, Plaintiff filed a Motion to Extend the Discovery and Dispositive Motions Deadline, citing counsel's trial involvement as one reason why more time was needed. The Court granted the extension on May 29, 2008. Then, on July 11, 2008, having received no response from Claimant, the Court granted the government's Motion to Dismiss for Claimant's failure to sign his claim under penalty of perjury as required by Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture.

---

[1]According to the government's pleadings, the Rolex watch at issue in the case is valued at approximately $70,000.

> Plaintiff submitted a Motion for Entry of Default, which the Clerk entered on July 14, 2008. Plaintiff then filed a Motion for Default Judgment that same day, which the Clerk also entered July 14, 2008.

Order Den. Claimant's Mot. to Set Aside Dismissal Order and Default J., at 1–3 (internal citations and footnotes omitted). The district court then denied Ford's motion to set aside dismissal and default judgment, finding that Ford failed to show excusable neglect as required by Federal Rule of Civil Procedure 60(b)(1). On appeal, Ford claims that the district court erred in denying his motion to set aside dismissal and default judgment.

## II.

We review a district court's denial or grant of a Rule 60(b) motion for an abuse of discretion, but we review questions of law de novo. *Ford Motor Co. v. Mustang Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007). To find an abuse of discretion, we must have "a definite and firm conviction that the trial court committed a clear error." *Id.* (internal quotations omitted). "[O]nce the court has determined damages and a judgment has been entered, the district court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation as reflected in Rule 60(b)." *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 595 (6th Cir. 2007). Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from a final judgment for any of the following:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence . . . ;
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; . . . or
> (6) any other reason that justifies relief.

Fed. R. Civ. Proc. 60(b).

Ford seeks relief from judgment under Rule 60(b)(1) due to "excusable neglect." In deciding whether to grant relief under Rule 60(b)(1), we look to whether the party seeking relief is culpable, whether the party opposing relief will be prejudiced, and whether the party seeking relief has a meritorious claim. *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003). Relief under 60(b)(1) is not available when the excusable neglect is premised on attorney error. *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt Inc.*, 298 F.3d 586, 594 (6th Cir. 2002). Ford claims two instances of excusable neglect for which he should be entitled to relief under 60(b)(1).

Under his first argument, Ford alleges that the district court applied the wrong version of procedural rules to his case when it granted the government's motion to dismiss for failure to sign the claim under penalty of perjury. At the outset, we note that an "appeal from the denial of a Rule 60(b) motion does not encompass review of the underlying judgment." *United States v. Reyes*, 307 F.3d 451, 456 (6th Cir. 2002). Yet, even assuming that we can evaluate this claim, Ford's argument has no support. Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions "governs a forfeiture action in rem arising from a federal statute." 18 U.S.C. Supplemental R. G(1). Under this rule, a person with an interest in the property subject to the forfeiture action must file a claim, "signed by the claimant under penalty of perjury," with the court where the action is pending in order to prevent forfeiture. *Id.* Supplemental R. G(5)(a)(i)(C). Compliance with this rule gives the claimant statutory standing to contest the government's forfeiture action. *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 497 (6th Cir. 1998). The verification requirement of Supplemental Rule G is particularly important because it helps

"prevent the danger of false claims in forfeiture proceedings by informing the court on oath or affirmation that the claimant is entitled to contest the forfeiture action by virtue of his interest in the defendant property." *United States v. Currency $267,961.07*, 916 F.2d 1104, 1108 (6th Cir. 1990). We therefore require strict compliance with its requirements. *Id.* at 1108. This Circuit and others have previously upheld district court orders striking claims in forfeiture actions where the claimant failed to file a verified claim. *See, e.g., Thirty-Five Firearms*, 123 F. App'x 204, 206 (6th Cir. 2004); *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 160–61 (1st Cir. 2004); *United States v. One Parcel of Prop. Located at RR 2, Independence, Buchanan County*, *Iowa*, 959 F.2d 101, 104 (8th Cir. 1992).

Ford contends that the 2005 Supplemental Rules for Admiralty or Maritime Claims apply to his case because the property at issue was seized in 2005. He further claims that under the 2005 version of the rules, a claimant was not required to sign the claim under penalty of perjury. The district court evaluated this claim but rejected it and determined that "counsel's mistaken application of the law is not an appropriate ground for relief under Rule 60(b)." Order Den. Claimant's Mot. to Set Aside Dismissal Order and Default J. at 6. While Ford correctly notes that Supplemental Rule G became effective in 2006, he is wrong in arguing that this rule does not apply to his case. According to the scope of Supplemental Rule G, it "governs a forfeiture *action* arising from a federal statute." 18 U.S.C. Supplemental Admiralty and Maritime Claims Rule G(1) (emphasis added). In determining whether this rule applies to Ford's case, we must interpret the statute itself to determine when its requirements are triggered. A fundamental canon of statutory interpretation is to begin with the words of the statute and interpret them according to their ordinary and common meaning. *United*

*States v. Plavcak*, 411 F.3d 655, 660 (6th Cir. 2005). The plain language of Supplemental Rule G indicates that it is triggered when the forfeiture action is filed, not when the property in question is seized. The government initiated this civil forfeiture action in 2007, making Supplemental Rule G and its requirement to sign under penalty of perjury applicable to this case.

Further, even under the pre-2006 rule changes, a claim had to be verified in order to establish statutory standing.[2] *See, e.g.*, *Thirty-Five Firearms*, 123 F. App'x at 206; *$23,000 in U.S. Currency*, 356 F.3d at 160–61; *One Parcel of Prop. Located at RR 2, Independence, Buchanan County*, 959 F.2d at 104. Ford argues that his attorney's signature satisfied this requirement under the 2005 Rules. Ford, however, has not cited any case law, nor have we found any, that suggests that a claimant's attorney's signature suffices. To the contrary, the case law has specifically noted whether the *claimant* signed a sworn statement. *See, e.g., United States v. Three Parcels of Real Prop.*, 43 F.3d 388, 392 (8th Cir. 1994) ("The Dowdys themselves did not verify their claims . . . ."); *United States v. One Urban Lot Located at 1 St. A-1, Valparaiso, Bayamon, Puerto Rico*, 885 F.2d 994, 999 (1st Cir. 1989) ("Bruno and her husband, Sammy, signed and swore to the truth of the statements made in the answer."); *United States v. Beechcraft Queen Airplane Serial No. LD-24*, 789 F.2d 627, 629 (8th Cir. 1986) ("[T]here was no sworn statement by Brown . . . . The only signature on the

---

[2]Prior to Supplemental Rule G's adoption, civil forfeiture actions were governed by Supplemental Rules A, C, and E of the Supplemental Rules for Admiralty or Maritime Claims. *See* Supplemental Rule G, Advisory Committee Notes. Rule G was "added to bring together the central procedures that govern civil forfeiture actions." *Id.* Our pre-2006 case law refers to the procedural requirements outlined in Supplemental Rule C(6), which governed claim procedure prior to Supplemental G's adoption. *See e.g.*, *Thirty-Five Firearms*, 123 F. App'x at 206; *United States v. $5,730.00*, 109 F. App'x 712, 713 (6th Cir. 2004); *$515,060.42 in U.S. Currency*, 152 F.3d at 497.

answer was that of Brown's attorney."). Thus, Ford's argument lacks merit. Finally, the district court did not abuse its discretion in finding no excusable neglect where counsel mistakenly believed that Ford was not required to sign the claim under penalty of perjury. *See McCurry*, 298 F.3d at 594.

Under his second argument, Ford claims that the district court improperly ruled on the government's motion to dismiss his claim because the deadline for ruling on the motion had not yet arrived. Ford failed to raise this argument in the district court; thus, he has waived it. *See Smoot v. United Transp. Union*, 246 F.3d 633, 648 n.7 (6th Cir. 2001) (explaining our requirement that parties raise arguments in the district court). Leaving aside Ford's waiver problem, this argument also fails on the merits. On May 29, 2008, the district court granted the government's motion to extend the time to complete discovery and file dispositive motions until August 22 and September 22, respectively ("May 29 Order"). Prior to this order, on April 21, the government filed a motion to dismiss Ford's claim and answer due to Ford's failure to sign the filings under penalty of perjury ("April 21 Motion"). After receiving no response from Ford on the April 21 Motion, the district court evaluated the merits of the motion and granted it on July 11, 2008. In his brief, Ford claims that the district court's May 29 Order extended the time for him to respond to the government's April 21 Motion.

Ford, however, does not make any serious argument to this court that could possibly support his claim that an order extending time to *file* dispositive motions somehow excused him from answering, and prevented the district court from ruling, on the government's April 21 Motion, which was filed over one month before the May 29 Order. Under the local rules for the Western District of Tennessee, a party must respond to a motion to dismiss within thirty days after service of the

motion. W.D. Ten. Local R. 7.2(a)(2). A party can seek an extension of time to respond for good cause by a motion pursuant to Local Rule 7.2. W.D. Ten. Local R. 7.1. In this case, far more than thirty days had passed between the government's April 21 Motion and the district court's July 11 order granting the motion, and the record does not indicate that Ford requested an extension. Thus, the district court did not abuse its discretion in ruling on the merits of the government's motion to dismiss. *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 485 (6th Cir. 2000) (upholding the district court's denial of a Rule 60(b) motion after plaintiffs failed to respond to a motion for summary judgment). Nor does Ford's attorney's misinterpretation of the May 29 Order amount to "excusable neglect" under Rule 60(b)(1). *McCurry*, 298 F.3d at 594.

Finally, Ford urges us to set aside the default judgment because he diligently pursued the matter after judgment was entered. While Ford might have been diligent in pursuing his claim after default judgment was entered, he has not presented anything on which we can find an abuse of discretion by district court. *See Mustang Unlimited, Inc.*, 487 F.3d at 468.

### III.

For the foregoing reasons, we **AFFIRM** the order of the district court denying Ford's motion to set aside default judgment.