**UNITED STATES of America,**
**Plaintiff,**

v.

**1988 BMW, VIN # WBAGC8311J2767674,**
**et al., Defendants.**

**Case No. 3:09–cv–436.**

United States District Court,
S.D. Ohio,
Western Division at Dayton.

June 22, 2010.

Pamela M. Stanek, United States Attorney's Office, Dayton, OH, for Plaintiff.

Martin Stanley Pinales, Candace C. Crouse, Strauss & Troy, Cincinnati, OH, Charles A. McKinney, Dayton, OH, for Defendants.

**ENTRY AND ORDER DENYING MOVANT ROBERT GARRETT'S MOTION TO SET ASIDE DEFAULT JUDGMENT AND DECREE OF FORFEITURE.**

THOMAS M. ROSE, District Judge.

Pending before the Court is Movant Robert Garrett's Motion to Set Aside Default Judgment and Decree of Forfeiture (Doc. 23). Because the Court no longer has jurisdiction over Defendant vehicles and because Movant lacks standing to challenge the entry of default judgment against the 34 firearms and ammunition, the Motion will be denied.

## I. Background

This *in rem* civil forfeiture action was commenced on November 17, 2009 in relation to the criminal action pending against Ronald Garrett and Donald Garrett, *United States v. Garrett,* Case No. 3:09–cr–146. The defendants in that case were indicted on multiple counts, including conspiracy to distribute and possess with intent to distribute Schedule I and II controlled substances, distribution of said substances, dealing in firearms without a license, and possession of a firearm by a convicted felon. Defendant vehicles in the instant action were taken into custody by the United States Marshals Service on October 13, 2009, Defendant currency by the United States Marshals Service on March 3, 2010, and Defendant firearms and ammunition by the Bureau of Alcohol, Tobacco, and Firearms on February 12, 2010. Notice of the forfeiture action against the vehicles was published on an official government website beginning on November 24, 2009 in accordance with Fed.R.Civ.P. Supp. R. G(4)(a)(iv)(C). (Doc. 10.) Notice of the forfeiture action against the currency and miscellaneous firearms was published in the same manner beginning on February 23, 2010. (Doc. 20.) Direct notice was sent to all known potential Claimants, including Robert Garrett, via certified mail on November 23, 2009. (Doc. 11.)

For those notified by publication, the deadline for filing claims with regard to the vehicles was January 23, 2010, while the deadline for filing claims with regard to the currency and firearms was April 24, 2010. The deadline for those who received direct notice was December 29, 2009. While certified mail was sent to the address for Robert Garrett listed on the title of the 2005 Ford Ranger Pickup, it was apparently never received. He eventually received actual notice through means unknown sometime in January, 2010. (Doc.

23 Ex. 1.) At the time Robert Garrett received actual notice, the clerk had not yet entered default. Due to all known potential Claimants' failure to plead, default was entered against Defendants and known potential Claimants on February 17, 2010 pursuant to Fed.R.Civ.P. 55(a). On February 23, 2010, default judgment was entered against the vehicles. On April 12, 2010, Charles McKinney entered his appearance as counsel for potential Claimant Robert Garrett. On May 3, 2010, default judgment was entered for the currency and firearms. As of May 10, 2010, only the firearms remain in the custody of the United States Marshals Service.

One week after the last default judgment was entered, May 10, 2010, Movant entered the pending Motion to Set Aside Default Judgment. The Memorandum in support of the aforementioned Motion asserts that Robert Garrett holds title or is the registered owner of Defendant 1988 Lincoln Town Car, Defendant 2005 Ford Ranger Pickup, and Defendant Miscellaneous 34 Firearms and Ammunition.[1] It argues that as Movant was not served with notice and had no knowledge of the forfeiture action until after the deadline for timely filing, the default judgment should be set aside.

## II. Standard of Review

 In determining whether to grant a motion to set aside a default, Fed. R.Civ.P. "Rule 55(c) leaves [the decision] to the discretion of the trial judge." *Shepard Claims Service, Inc. v. William Darrah & Associates,* 796 F.2d 190, 193 (6th Cir.1986). Denying such a motion should not be taken lightly, as the Sixth Circuit has a "strong preference for trials on the merits." *United States v. Real Property,* *All Furnishings Known as Bridwell's Grocery,* 195 F.3d 819, 820 (6th Cir.1999) *citing Shepard Claims Serv., Inc. v. William Darrah & Assoc.,* 796 F.2d 190, 193 (6th Cir.1986). When a default "has become final as a judgment" it can only be set aside "under the stricter Rule 60(b) standards" rather than the "good cause shown" standard of Rule 55(c). *INVST Fin. Group v. Chem–Nuclear Sys.,* 815 F.2d 391, 398 (6th Cir.1987) *citing Jackson v. Beech,* 636 F.2d 831, 835 (D.C.Cir.1980). This is because "the district court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation as reflected in Rule 60(b)." *Frontier Ins. Co. v. Blaty,* 454 F.3d 590, 595 (6th Cir.2006) *citing O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.,* 340 F.3d 345, 353 (6th Cir.2003). Even so, "the three factors which control the decision of a Rule 55(c) motion to set aside entry of default also apply to a Rule 60(b) motion to set aside entry of a judgment by default." *United Coin Meter Co. v. Seaboard C. Railroad,* 705 F.2d 839, 845 (6th Cir.1983). Those three factors are: "(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced." *United States . v. $22,050.00 in U.S. Currency,* 595 F.3d 318, 323 (6th Cir.2010) *citing Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir.1992). Additionally, "[a] party seeking relief from judgment under Rule 60(b) must show that its case comes within the provisions of the Rule." *Manufacturers' Industrial Relations Ass'n v. East Akron Casting Co.,* 58 F.3d 204, 206 (6th Cir.1995) *citing Lewis v. Alexander,* 987 F.2d 392, 396 (6th Cir.1993).

---

**1.** Exhibits 1 and 2 are referenced by the Memorandum in support of Garrett's claims, but no such Exhibits have been received by the Court.

## III. Analysis

 The Court obtained jurisdiction over this forfeiture action *in rem*. However, as the vehicles have been disposed of by the Marshals Service pursuant to the final judgment, the Court no longer has actual or constructive control of the *res* and presumptively lacks jurisdiction over the disposed property. *United States v. Real Property Located at: 1447 Plymouth, S.E.,* 702 F.Supp. 1356, 1359 (W.D.Mich. 1988) "The general rule is that, in an *in rem* action, removal of the *res* ends the jurisdiction of the court." *United States v. $10,000.00 in U.S. Currency,* 860 F.2d 1511, 1513 (9th Cir.1988). The exception is when the property is removed by "an accidental or fraudulent or improper removal," in which case jurisdiction is not destroyed. *Id. citing The Rio Grande,* 90 U.S. (23 Wall.) 458, 465, 23 L.Ed. 158 (1874). In the case currently before the Court, there are no allegations of accidental, fraudulent, or improper removal and as such, the Court presumptively lacks jurisdiction over Defendant vehicles. With the Miscellaneous 34 Firearms and Ammunition still in the control of the Court, jurisdiction is still retained over those Defendants and analysis now turns towards Movant's standing.

██ In order to contest a civil forfeiture, a claimant must have both statutory standing and standing under Article III. *United States v. $515,060.42,* 152 F.3d 491, 497 (6th Cir.1998) *citing United States v. $267,961.07,* 916 F.2d 1104, 1107 (6th Cir. 1990). Plaintiff argues that Movant does not have statutory standing with which to contest the judgment of the Court. Statutory standing is gained through compliance with the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, namely, Rule G.[2] *See United*

*States v. $267,961.07 in U.S. Currency,* 916 F.2d 1104, 1108 (6th Cir.1990); *see also United States v. $5,730.00 in U.S. Currency,* 109 Fed.Appx. 712, 714 (6th Cir.2004) ("The dictates of Rule [G] are relatively plain and the case law applying it repeatedly states that compliance must be strict."). Rule G(5)(a)(i) allows a party to "contest the forfeiture by filing a claim in the court where the action is pending," while Rule G(5)(b) requires a claimant to "serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." In the instant case, Movant has filed neither a claim nor an answer, but only a Motion to Set Aside the Default Judgment accompanied by an affidavit of the potential Claimant. To comply with Rule G, the claim must at least:

(A) identify the specific property claimed;

(B) identify the claimant and state the claimant's interest in the property;

(C) be signed by the claimant under penalty of perjury; . . .

Rule G(5)(a)(i).

██ The purpose of a verified claim is to discourage frivolous claims by requiring the claimant to submit their claim under penalty of perjury. *See United States v. Thirty–Five Firearms,* 123 Fed.Appx. 204, 207 (6th Cir.2005) ("Verification forces the claimant to place himself at risk of perjury for a false claim."). Even if the affidavit attached to the Motion were to be interpreted as a claim, it is not signed under penalty of perjury and is therefore deficient. As neither a claim nor an answer has been filed, Movant Robert Garrett currently lacks statutory standing with which to challenge the forfeiture.

---

**2.** The provisions that are now located in Rule G were previously located in Rule C(6). *Unit-* *ed States v. $22,050.00 in U.S. Currency,* 595 F.3d 318, 322 FN4 (6th Cir.2010)

█ Even if Movant Robert Garrett had standing with which to contest the judgment and could rightfully be considered a claimant, his motion would be denied. Rule G(4)(b)(v) reads: "[a] potential claimant who had actual notice of a forfeiture action may not oppose or seek relief from forfeiture because of the government's failure to send the required notice." Movant's affidavit states that he had actual notice in January, several weeks before default was entered. Even more specifically, 18 U.S.C. § 983(a)(2)(B) provides for situations in which notice is sent, but not received:

> A claim under subparagraph (A) may be filed not later than the deadline set forth in a personal notice letter (which deadline may be not earlier than 35 days after the date the letter is mailed), except that if that letter is not received, then a claim may be filed not later than 30 days after the date of final publication of notice of seizure.

While Movant does not state the specific date on which he received notice of the action and therefore might not have received notice until after the January 22nd deadline set by the publication of notice, he had notice well in advance of the April 23th deadline for filing a claim with regard to the Defendant over which the Court still has jurisdiction.[3]

█ Even though the Court lacks jurisdiction over most of the disputed *res,* the deadline for filing a claim has passed, movant's standing does not exist, and movant is barred from contesting the judgment on the basis of failure to receive notice, the Court would still deny the Motion under the three-part test for setting aside a default judgment. Under Fed. R.Civ.P. 55(c), "if a judgment by default has been entered," Rule 60(b) governs the standard for vacating a default judgment. Out of the six categories of reasons in Rule 60(b) for which a court may grant relief from a final judgment, only 60(b)(1), "mistake, inadvertence, surprise, or excusable neglect," is applicable. *Manufacturers' Industrial Relations Ass'n v. East Akron Casting Co.,* 58 F.3d 204, 207 (6th Cir. 1995) (Rule 60(b)(6) only applicable "in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule"). When exercising its discretion in setting aside a default judgment, the Court must consider three factors: whether culpable conduct of the defendant led to the default, whether the defendant has a meritorious defense, and whether the plaintiff will be prejudiced. *United States v. $22,050.00 in U.S. Currency,* 595 F.3d 318, 323 (6th Cir.2010) *citing Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir.1992); *United Coin Meter Co. v. Seaboard C. Railroad,* 705 F.2d 839, 845 (6th Cir.1983).

In examining the first factor, the Court would note that though Movant had notice in January, he waited until May to file anything related to this forfeiture action, during which time both default and default judgment were entered with respect to all Defendants. The Court finds it difficult to characterize such action as "excusable neglect," especially given the fact that Movant's attorney entered an appearance 3 weeks before default judgment was entered, yet neglected to file anything until a week after judgment had been entered. *United States v. One Men's Rolex Pearl*

---

**3.** Rule G(5)(a)(ii)(B) allows for "60 days after the first day of publication on an official internet government forfeiture site" in instances in which "direct notice was not sent." As notice was sent but not received, 18 U.S.C. § 983 applies, giving those to which direct notice was sent 1 day fewer with which to respond than those who only received notice by publication.

*Master Watch,* 357 Fed.Appx. 624, 626–627 (6th Cir.2009) (60(b)(1) relief not available when error attributed to attorney). Because "a party seeking to vacate a default judgment under Rule 60(b)(1) must demonstrate first and foremost that the default did not result from his culpable conduct" before "the district court [may] proceed to consider the other United Coin Meter factors," the Court will proceed no further, as this burden has not been met. *Weiss v. St. Paul Fire & Marine Ins. Co.,* 283 F.3d 790 (6th Cir.2002).

**IV. Conclusion**

Because the Court no longer has jurisdiction over Defendant vehicles and because Movant lacks standing to challenge the entry of default judgment against the 34 firearms and ammunition, Movant Robert Garrett's Motion to Set Aside Default Judgment and Decree of Forfeiture is hereby **DENIED.**