**UNITED STATES of America,
Plaintiff,**

v.

**$22,226.25 IN INTERBANK FX
ACCOUNT NO. XXX0172,
et al., Defendants.**

No.: 3:09–CV–607.

United States District Court,
E.D. Tennessee,
at Knoxville.

Jan. 31, 2011.

Frank M. Dale, Jr., U.S. Department of Justice (KNOX USAO), Office of U.S. Attorney, Knoxville, TN, for Plaintiff.

## *ORDER*

THOMAS A. VARLAN, District Judge.

This is an action *in rem* for the forfeiture of $22,226.25 in Interbank FX account number xxx0172 and $35,756.64 in Green-Bank account number xxx1788 (collectively, the "defendant properties") [Doc. 1]. The United States asserts that the defendant properties were involved in monetary transactions in criminally derived properties, which contain proceeds traceable to moneys that were involved in financial transactions in property greater than $10,000 derived from specified unlawful activity, namely wire fraud, in violation of the money laundering provisions of 18 U.S.C. § 1957, and that were involved in financial transactions in property derived from specified unlawful activity, namely wire fraud, where the transactions were designed in whole or in part to conceal and disguise the location, source, ownership, or control of the proceeds, in violation of 18 U.S.C. § 1956 [*Id.*]. As a result, the United States alleges that the defendant properties are forfeitable to the United States in accordance with 18 U.S.C. § 981(a)(1)(C) [*Id.*]. The United States requests that process of warrant issue for the arrest of the defendant properties; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant properties to be forfeited to the United States for disposition according to law; and that the United States be granted such other relief as the Court may deem just and proper, together with the costs and disbursements of this action [*Id.*]. The action presently is before the Court as a result of claimant Sterling L. Henton's motion for a hearing [Doc. 7].

The verified complaint for forfeiture and a notice of complaint for forfeiture was filed by the United States on December 22, 2009 [Docs. 1, 2]. The notice provides that a forfeiture complaint was filed on December 22, 2010 seeking forfeiture of the defendant properties and that "any person who asserts an interest in the defendant properties **must** file a verified claim within **35** days after the date of [the] notice...." [Doc. 2 (emphasis in original)]. The notice also provides that any person who files a verified claim also "**must** then file an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within 20 days after filing the verified claim" [*Id.* (emphasis in original)]. The notice instructs that "[f]ailure **to follow the requirements set forth above may result in judgment by default taken against you for relief demanded in the Complaint**" [*Id.* (emphasis in original)].

Starting January 23, 2010, notice of civil forfeiture was posted on an official government internet site for at least thirty consecutive days, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure (the "Supplemental Rules") [Doc. 5]. The notice states that a verified complaint for forfeiture against the defendant properties was filed and provides:

> Any person claiming a legal interest in the [defendant properties] must file a verified Claim with the court within 60 days from the first day of publication (January 23, 2010) of this Notice on this official government internet web site and an Answer to the complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter. 18 U.S.C § 983(h)(1) permits a court to impose a civil fine on anyone asserting an interest in property which the court determines was frivolous.

> The verified Claim and Answer must be filed with the Clerk of the Court, 800 Market Street, Suite 130, Knoxville, TN 37902, and copies of each served upon Frank M. Dale Jr., 800 Market Street, Suite 211, Knoxville, TN 37902, or default and forfeiture will be ordered. See, 18 U.S.C. § 983(a)(4)(A) and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

[*Id.*].

On February 18, 2010, Sterling L. Henton ("Henton") and Strait Line Entertainment, Inc. ("Strait Line Entertainment" and, together with Henton, "claimants") filed a verified claim as to the defendant properties pursuant to "Supplemental Rule 6(5)(a) [sic]" [Doc. 4]. Henton is a resident of Knoxville and is the President, Chief Operating Officer, and Sole Shareholder of Strait Line Entertainment [*Id.*]. Claimants assert that the defendant properties are the property of claimants and are the proceeds of lawful transactions [*Id.*].

On October 13, 2010, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the United States filed a request for entry of default by the Clerk against claimants for failure to file an answer as provided by Rule G(5)(b) of the Supplemental Rules [Doc. 6]. Thereafter, Henton filed a request for a hearing [Doc. 7]. In the request, Henton submitted that he became aware of the request for default on October 21, 2010 through the United States Mail [*Id.*]. He requested that the Court "not enter an Order of Default without a hearing of the Lawful Transaction" [*Id.*].

The Court granted Henton's request for a hearing, and a hearing was held on January 21, 2011 [Doc. 8]. At the hearing, the Court informed the parties that it would not entertain arguments regarding the merits of the United States' claim for for-

feiture given the procedural posture of the case. The Court instead requested arguments regarding whether claimants' failure to file an answer as required by the Supplemental Rules should be excused. The parties presented their arguments accordingly and Henton requested an extension of time to file an answer.

To contest the forfeiture of property that has been named as a defendant in a civil forfeiture action, a claimant must proceed "in the manner set forth in the Supplemental Rules." 18 U.S.C. § 983(a)(4)(A). Rule G of the Supplemental Rules governs forfeiture actions *in rem* brought pursuant to federal statutes and sets out detailed procedural requirements to be followed by one seeking to challenge the government's attempt to seize defendant assets. In particular, Rule G(5) provides:

(5) Responsive Pleadings.

   (a) Filing a Claim.

     (i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:

     (A) identify the specific property claimed;

     (B) identify the claimant and state the claimant's interest in the property;

     (C) be signed by the claimant under penalty of perjury; and

     (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

     (ii) Unless the court for good cause sets a different time, the claim must be filed:

     (A) by the time stated in a direct notice sent under Rule G(4)(b);

     (B) if notice was published but direct notice was not sent to the claimant or the claimant's attorney,

no later than 30 days after final publication of newspaper notice or legal notice under Rule G(4)(a) or no later than 60 days after the first day of publication on an official internet government forfeiture site; or

     (C) if notice was not published and direct notice was not sent to the claimant or the claimant's attorney:

(1) if the property was in the government's possession, custody, or control when the complaint was filed, no later than 60 days after the filing, not counting any time when the complaint was under seal or when the action was stayed before execution of a warrant issued under Rule G(3)(b); or

(2) if the property was not in the government's possession, custody, or control when the complaint was filed, no later than 60 days after the government complied with 18 U.S.C. § 985(c) as to real property, or 60 days after process was executed on the property under Rule G(3).

(iii) A claim filed by a person asserting an interest as a bailee must identify the bailor, and if filed on the bailor's behalf must state the authority to do so.

(b) Answer.

A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim. A claimant waives an objection to in rem jurisdiction or to venue if the objection is not made by motion or stated in the answer.

Supp. R. Fed.R.Civ.P. G(5).

    ■  "In requiring a claimant to follow these procedures, the Supplemental Rules 'ensur[e] that putative claimants come forward as quickly as possible after the initiation of forfeiture proceedings so that the

court may hear all interested parties and resolve the dispute without delay.'" *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.,* 664 F.Supp.2d 97, 101 (D.D.C.2009) (citing *United States v. Funds From Prudential Secs.,* 300 F.Supp.2d 99, 104 (D.D.C.2004)). "Courts generally expect claimants to strictly adhere to [the] requirements" of the Supplemental Rules and courts are "authorized to strike the claim and/or answer of any claimant who fails to follow the [Supplemental] Rules' procedural dictates." *Id.* at 101–102 (citations omitted). Indeed, "a claimant's failure to strictly adhere to Supplemental Rule [G(5)] precludes the requisite statutory standing to contest a government forfeiture action." *United States v. Currency $267,961.07,* 916 F.2d 1104, 1108 (6th Cir.1990) (citation omitted) (addressing the previous version of the Supplemental Rules). *See also United States v. Thirty–Five Firearms,* 123 Fed.Appx. 204, 206 (6th Cir.2005).

■ "In some circumstances, however, especially where claimants are proceeding *pro se,* courts may excuse some minor procedural failings so long as 'the underlying goals of' the Supplemental Rules 'are not frustrated.'" *All Assets Held at Bank Julius Baer & Co.,* 664 F.Supp.2d at 102 (citation omitted). *See also Thirty–Five Firearms,* 123 Fed.Appx. at 206 (noting that "the district court has discretion to permit an extension of time or allow late filing of a verified claim") (citation omitted). In determining whether a claimant's procedural default should be excused, a court may consider:

the claimant's good faith attempts to comply with procedural requirements; the date upon which the claimant received notice of the pending forfeiture action; any requests by the claimant to amend the pleadings or for an extension of time; any reasons proffered by the claimant for the omission; and whether

prejudice to the United States will result from excusing the claimant's procedural errors.

*All Assets Held at Bank Julius Baer & Co.,* 664 F.Supp.2d at 102 (citing *United States v. $83,686.00,* 498 F.Supp.2d 21, 24 (D.D.C.2007)). *See also Thirty–Five Firearms,* 123 Fed.Appx. at 207 (discussing similar factors the district court considered in determining whether to grant the United States' motion to strike the answer).

■ At the hearing, the United States asserted that claimants were served with the complaint for forfeiture and received the notice of forfeiture informing them that they must file an answer with twenty-one days of filing a verified claim or face default [*See* Doc. 2]. Although Henton asserted that he did not recall seeing such documentation, it appears that he received the forfeiture complaint, sought the assistance of counsel, and knew to promptly file a verified claim pursuant to the Supplemental Rules. Moreover, even though claimants requested a "hearing of the Lawful Transaction," they did not attempt to petition the Court for an extension to file an answer prior to the hearing nor did they file an answer after being put on notice that the United States had filed for application of default for failure to file an answer. Rather, at the hearing, Henton requested an extension of time to file an answer only after the United States pointed out that the Court should allow default to enter as no extension had been requested.

Henton also informed the Court that he had failed to file an answer because he had been traveling and was involved in "other things." The Court notes, however, that the verified claim was filed on February 18, 2010 [*see* Doc. 4], and during the almost eight months between that date and the date the United States filed

its application for default, Henton did not file a single document with the Court to substantiate his claim. He also failed to attempt to demonstrate to the Court at the hearing that he otherwise attempted to defend his claim to the defendant properties. The Court also observes that a review of the verified claim filed by claimants makes clear that such cannot be construed as a substitute for an answer.

Although the United States could not identify any monetary prejudice associated with granting claimants leave to file an answer, the United States pointed out that this action has been on the docket for some time. The Court agrees and finds that such, along with Henton's explanation of why an answer was not filed and the government's assertion that claimants were on notice that an answer was required to be filed, provides reason not to excuse claimants' procedural default. Indeed, "procedural default need not be excused merely because the claimant is proceeding *pro se.*" *United States v. One 2002 Dodge Ram 1500 Quad–Cab Truck Vin: 3D7HU18ZX2G145745,* 2007 WL 1815684, at *2 (N.D.Tex. June 25, 2007) (citation omitted).

Accordingly, claimants' request for an extension to file an answer is **DENIED.** The Clerk is **DIRECTED** to enter default against claimants as requested by the United States in its request for entry of default [Doc. 6].

IT IS SO ORDERED.